[No. 14320.   Department One.   December 15, 1917.]

ANDREW A. HENLINE et al., Appellants, v. A. E. SOUTHWARD, Respondent.[1]

EVIDENCE—EXPERT'S OPINION—ADMISSIBILITY.   Upon an issue in an action for malpractice as to the cause of the death of a baby at childbirth, expert evidence that the symptoms indicated water on the lungs is properly rejected, where there was no satisfactory evidence establishing that cause of death as a basis for predicating such an hypothesis for the admission of expert testimony.

PHYSICIANS AND SURGEONS—MALPRACTICE—ACTIONS — EVIDENCE— SUFFICIENCY.   The evidence in an action for malpractice is not sufficient to show that the cause of the death of a baby at childbirth was strangulation, where the only evidence to that effect was the testimony of the mother who supposed the baby sucked its lungs full of water when it was delivered face downwards, and expert witnesses testified that the death might have been due to four other causes.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 20, 1917, upon the verdict of a jury rendered in favor of the defendant by direction of the court, dismissing an action in tort.   Affirmed.

Eugene A. Childe, for appellants.

John W. Gordon and I. B. Knickerbocker, for respondent.

FULLERTON, J.—The plaintiffs Henline brought an action for damages against the defendant, Southward, a practicing physician employed to attend Mrs. Henline in childbirth, charging that the death of their new-born child was due to negligent acts and omissions of defendant.   At the close of plaintiff's evidence, the defendant challenged its legal sufficiency and moved for a directed verdict, which motion was granted by the court, and judgment rendered dismissing the action.   The plaintiffs appeal.

The first error assigned was the rejection by the court of appellants' offer to prove by expert testimony that the

[1]Reported in 169 Pac. 315.

symptoms displayed by the dying baby would indicate that it was suffering from water taken into its lungs while lying face downward upon the bed on its delivery, following shortly after bursting of the water sac in the mother, and that immediate steps should have been taken by the attending physician to remove the water from its lungs. It suffices to say that there was no satisfactory evidence establishing that cause of death as a basis for predicating such an hypothesis for the admission of expert testimony.

The main contention of appellants is that the trial court erred in withdrawing the case from the jury on respondent's challenge to the sufficiency of the evidence. The evidence on behalf of appellants tended to show that Mrs. Henline, being about seven months advanced in pregnancy, was suffering pains and respondent was summoned to attend her. He arrived about half an hour after the summons and found a nurse already in attendance. After making an examination of the patient, he stated that the water would break in half or three-quarters of an hour and that a rubber sheet should be placed on the bed. The patient was made to lie down on the bed and told to remain very still, and the nurse was instructed not to help her. After spending fifteen or twenty minutes with the patient, the respondent departed, saying that he would return in half an hour. The respondent did not return until after the lapse of nearly an hour. The water broke within half an hour after respondent's departure, and the baby was born about four or five minutes thereafter. At the time of birth, the nurse was holding the patient's hands, but released them to pick up the child, which had been delivered face downward upon the bed. The child was apparently normal and fully developed for its period of pregnancy, of about six pounds weight, and uttered a natural cry shortly after delivery, but soon began to choke and froth at the mouth, at the same time becoming black in the face. The child died in about five hours, during which period the nurse tried various methods of assuaging its sufferings. The re-

spondent returned to the house about half an hour after the birth of the child, noticed that the baby, in the hands of the nurse, was frothing at the mouth, told her to wipe the froth from its mouth quickly, stated that he thought the child would not live, and then passed to the bedside of the mother.

Whether the respondent took any measures for the relief of the child after assuring himself of the satisfactory condition of the mother does not appear from the evidence. The nurse had the child in the room adjoining that occupied by the mother, and the latter testified she did not know what was being done in that room. The nurse was not called as a witness, and the husband left the house for his work within ten minutes after the arrival of the respondent. The only evidence as to death being due to strangulation was the testimony of Mrs. Henline that she supposed "it sucked its lungs full of water," on which testimony her cross-examination was as follows:

"Q. Isn't it a fact that she [the nurse] had difficulty in trying to get the child to breathe? A. I suppose so. . . . She hit it on the back and tried to get it to breathe after it was born. Q. What was the matter with it when she tried to pat it on the back? A. I am almost sure it drawed water on its lungs; when it cried, it went to strangling. Q. Did it cry when she picked it up? A. No, sir; it was strangling just like any baby drawing water down its throat. Q. Did you actually see the child have its face in the water? A. No, I didn't actually see that; I suppose that is what—what would it strangle for, if it wasn't?"

The evidence showed that there was no rubber sheeting to catch the water from the breaking sac; that the water was discharged upon the ordinary bedding of sheet, quilts, and mattress. There was no proof of water thereon in sufficient quantity to be drawn into the lungs, other than arises from the inference to be drawn from its having been discharged thereon, which is met by an equally justifiable inference that it had soaked into the bedding. The showing of death as having resulted from drawing water into the lungs does not

rise above the merest surmise.  On the other hand, an expert witness introduced by appellants testified that the death of the child, according to the symptoms in evidence, might have been due to any one of four other causes.  We are satisfied there was not sufficient evidence to warrant the submission of the case to the jury.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.